**In re YALE MINING CORP., Debtor.**

**Bankruptcy No. 7–82–01476–B.**

United States Bankruptcy Court,
W.D. Virginia,
Big Stone Gap Division.

April 11, 1986.

See also, Bkrtcy., 39 B.R. 201.

James E. Nunley, Bristol, for debtor.

Cynthia D. Kinser, Pennington Gap, Va., Chapter 11 trustee.

Michael A. Bragg, Bristol, Va., Chapter 7 trustee.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Bankruptcy Judge.

This matter is before the Court upon motion of the Chapter 7 Trustee to fix commissions and expenses.

The issue before the Court is whether the fees awarded to the preceding Chapter 11 Trustee must be considered and taken into account in fixing the fees of the Chapter 7 Trustee under 11 U.S.C. § 326 when the case has been converted from a case under Chapter 11 to a case under Chapter 7.

Briefly stated, the facts are as follows. The Debtor, Yale Mining Corporation, filed its Chapter 11 petition in this Court and, thereafter, this Court entered an Order appointing Cynthia D. Kinser as Chapter 11 Trustee. The case was converted to Chapter 7 and Michael Bragg was appointed Chapter 7 Trustee. By Order of this Court entered on September 13, 1984, with approval of Trustee Bragg, commissions of the Chapter 11 Trustee in the sum of $6,151.20 and expenses in the sum of $172.30 were approved along with attorney's fees requested. The Chapter 7 Trustee consented to and was directed to make disbursement forthwith since the Chapter 7 Trustee assumed at the time that sufficient funds would be available to defray all administrative expenses.

11 U.S.C. § 326 outlines the limitation on compensation of a Trustee. In relevant part, § 326 provides:

"(a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen per cent on the first $1,000 or less, six per cent on any amount in excess of $1,000 but not in excess of $3,000, and three per cent on any amount in excess of $3,000 upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims....

"(c) If more than one person serves as trustee in the case, the aggregate compensation of such persons for such service may not exceed the maximum compensation prescribed for a single trustee by subsection (a) or (b) of this section, as the case may be."

It is helpful in construing this statute to review the Historical and Revision Notes appended thereto as it relates to § 326(c):

"Subsection (c) provides a limitation not found in current law. Even if more than one trustee serves in the case, the maximum fee payable to all trustees does not change. For example, if an interim trustee is appointed and an elected trustee replaces him, the combined total of the fees payable to the interim trustee and the permanent trustee may not exceed the amount specified in this section. Under current law, very often a receiver receives a full fee and a subsequent trustee also receives a full fee. The resultant 'double-dipping', especially

in cases in which the receiver and the trustee are the same individual, is detrimental to the interest of creditors, by needlessly increasing the cost of administering bankruptcy estates."

Section 326(a) fixes the maximum compensation a Trustee may receive in a liquidation case under Chapter 7 or a reorganization case under Chapter 11. The amount awarded is based on the decreasing percentage of money distributed by the Trustee to parties in interest, excluding the debtor but including holders of secured claims.[1] Under § 326(c), if more than one Trustee serves in a case, the total compensation of such Trustees may not exceed the amount allowed a single Trustee under subsections (a) or (b). The central question is whether the Chapter 11 Trustee and the Chapter 7 Trustee have served within the same "case" within the intended meaning of § 326(c) such that the amounts previously awarded to the Chapter 11 Trustee must be considered in determining compensation for the Chapter 7 Trustee.

In order to resolve this issue, it is necessary to examine the prevailing procedure under the *Bankruptcy Act* of 1898, as amended, when § 326(c) was drafted and the situation which Congress sought to remedy by its enactment of the *Bankruptcy Reform Act* of 1978 (the Code).

Under the *Bankruptcy Act*, a case was commenced by the filing of a petition. Former *Rule* 101, *Bankruptcy Rules*. Pursuant to Section 18 f (former 11 U.S.C. § 41 f), such filing operated as an adjudication. After adjudication in a liquidating case, the Bankruptcy Court, before the First Meeting of Creditors, could appoint a Receiver on application or on its own initiative. *Rule* 201(e). When appointed, a Receiver would take charge of the property of a bankrupt, conduct the business of the

bankrupt if authorized to do so, or afford representation to the estate in an action, adversary proceeding, or contested matter. *Rule* 201(a). Appointment of a Receiver continued only until there was no further need for a Receiver or the Trustee qualified. *Id.* Pursuant to Section 44 a (former 11 U.S.C. § 72) and *Rule* 209(a), a Trustee was elected or appointed by the court at what was then denominated as the First Meeting of Creditors (now designated as a § 341 Meeting of Creditors). 11 U.S.C. § 341.

Section 48 d provided for apportionment of fees and stated:

"In the event of the appointment concurrently or successively, of more than one receiver of an estate or of more than one ancillary receiver in the same jurisdiction, or in the event of the administration of an estate by three trustees instead of one trustee or by successive trustees, the court shall apportion the fees and commissions among such receivers, ancillary receivers, or trustees, as the case may be, according to the services actually rendered, so that there shall not be paid to any such group a greater amount than that to which one receiver, ancillary receiver, or trustee, respectively, would be entitled."

Under former Section 48d, where more than one Receiver or Trustee served, the court was to apportion the compensation among them according to the services actually rendered so that the aggregate amount of compensation paid would not exceed the amount to which one Receiver or Trustee would be entitled. 2 *Collier on Bankruptcy,* ¶ 326.03 at 326–33 (15th Ed.1985).

However, in liquidating cases under the *Bankruptcy Act*, it was not unusual for a Receiver to obtain maximum compensation and for the succeeding Trustee to receive

---

1. Section 326(a) was amended by the *Bankruptcy Amendments and Federal Judgeship Act of 1984*, Pub.L. No. 98–353, adjusting the percentage distribution scheme. Prior to the 1984 amendments, § 326(a) provides for maximum compensation of

"Fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000

but not in excess of $3,000, three percent on any amount in excess of $3,000 but not in excess of $20,000, two percent on any amount in excess of $20,000 but not in excess of $50,000, and one percent on any amount in excess of $50,000 ..."

maximum compensation based on the same assets and while administering the same liquidating case. 2 *Collier on Bankruptcy, supra,* at 326-34-5. "The resultant 'double-dipping', especially in cases in which the Receiver and the Trustee [were] the same individual, [was] detrimental to the interests of creditors, and needlessly increase[d] the cost of administering bankruptcy estates." H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 238, 327 (1977); S. Rep. No. 95-989, 95th Cong., 2d Sess. 38 (1978).

The Historical and Revision Notes referring to the problem of "double-dipping" refer to the interim Trustee and the permanent Trustee, which is the equivalent of the former Receiver and successive Trustee in a liquidating case. Prior to the enactment of § 326, an interim Trustee was unknown to the former *Act.* It appears that Congress sought to define and clarify a procedural system implemented in liquidating cases where the interim Trustee was required and the fixing of fees and compensation guidelines were being considered.

The *Bankruptcy Code* expressly states that the court may not appoint a Receiver in a case under Title 11. 11 U.S.C. § 105(b). The Historical and Revision Notes provide that this is because a need for such would provide for a Trustee appointment. Instead of a Receiver as under the *Bankruptcy Act,* the Code provides that promptly after the order for relief in a Chapter 7 case, the court *shall* appoint one disinterested person to serve as "interim Trustee" (emphasis added). 11 U.S.C. § 701(a). This appointment is not discretionary as was true in the case of a Receiver under the *Act.* The service of the interim Trustee continues until a Trustee elected or designated under § 702 qualifies under § 322. 11 U.S.C. § 701(b). As the legislative history indicates, § 326(c) seeks to alleviate the inequities under former Section 48 d· and provides "if an interim Trustee is appointed and an elected Trustee

replaces him, the combined total of the fees payable to the interim Trustee and the permanent Trustee may not exceed the amount specified in this section." H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 238, 327 (1977); S. Rep. No. 95-989, 95th Cong., 2d Sess. 38 (1978).

These comments suggest that § 326(c) addresses the situation in which one Trustee has succeeded another *within the same case* under either Chapter 7 or Chapter 11, and in which they may both make claim to compensation. It does not appear to factor into consideration the potential effect on compensation of conversion of the case from a case under one Chapter to a case under the other. In other words, § 326(c) seeks to limit compensation in situations where two or more individuals serve as Chapter 7 Trustees, or two or more individuals serve as Chapter 11 Trustees. It does not deal with the present situation in which one Trustee has served in the case while under Chapter 11 and the other has provided services while under Chapter 7. As the *Bankruptcy Code* recognizes, the duties of a Trustee are different in a case under Chapter 11 than those of a Trustee in a case under Chapter 7.[2] *See* 11 U.S.C. § 704, § 1106(a). This is not an instance of double-dipping into available funds which may increase the costs of Bankruptcy administration. Each Trustee has expended necessary time and performed his or her fiduciary functions and accounts for their stewardship and should be entitled to compensation for such services under § 326(a) without reference to the other.

Support for this position can be drawn from the language of § 1112 regarding conversion. Subsections (a) and (b) of § 1112 speak in terms of conversion of "a case under this Chapter [Chapter 11] to a case under Chapter 7 of this Title." The use of this language suggests that although dealing with the same entity, a "case under Chapter 11" is in effect conceptually distinct from "a case under Chap-

---

**2.** Indeed, it may be inappropriate to appoint a Chapter 11 Trustee to administer the affairs of the succeeding Chapter 7 debtor as Chapter 7 Trustee where the Chapter 11 Trustee's conduct may well be challenged by the Chapter 7 Trustee during the administration of the Chapter 7 case.

ter 7". Had Congress intended otherwise, it could have simplified the language of § 1112 providing that the debtor or the court may convert a case from Chapter 11 to Chapter 7 of this Title.

Moreover, this distinction is supported by the fact that a conversion of a case under one Chapter of the *Bankruptcy Code* to a case under another Chapter constitutes a separate Order for Relief under the new Chapter. 11 U.S.C. § 348(a). Such conversion has an effect on the time for assuming or rejecting executory contracts; 11 U.S.C. §§ 348(c), 365(d). More importantly, the conversion serves to terminate the services of any Trustee or Examiner serving in the case before the conversion. 11 U.S.C. § 348(e). Accordingly, it can be reasoned that the case under the new Chapter is different than that under the former Chapter and is not within the framework contemplated by § 326(c).

Furthermore, the provisions of § 726(b) which outline the Order of Distribution of the estate in Chapter 7 cases support this determination. Section 726(b) provides:

"Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), or (6) of section 507(a) of this title, or in paragraph (2), (3), (4), or (5) of subsection (a) of this section, shall be made pro rata among claims of the kind specified in each such particular paragraph, *except that in a case that has been converted to this chapter under section 1112 or 1307 of this title, a claim allowed under section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title* or under this chapter before such conversion and over any expenses of a custodian superseded under section 543 of this title." (emphasis added)

The exception outlined at the end of § 726(b) indicates that where a case has been converted to a case under Chapter 7 from a case under Chapters 11 or 13, the administrative expenses of § 503(b) incurred under Chapter 7 after conversion have priority in distribution over the administrative expenses incurred under the other Chapters. 9 *Am.Jur.*2d, *Bankruptcy*, § 390; 4 *Collier on Bankruptcy*, ¶ 726.03 at 726.10 (15th Ed.1985). Among administrative expenses under § 503(b) is compensation and reimbursement under § 330(a), which includes compensation of, among others, Trustees. *See* § 503(b)(2); § 330(a); 3 *Collier on Bankruptcy*, ¶ 503.-04[2] at 503–25–6 (15th Ed.1985). The rationale for this priority status is to provide that those who wind up the affairs of the debtor's estate are assured of payment so that they are encouraged to participate in the liquidation or distribution of the estate. 9 *Am.Jur.*2d, *Bankruptcy*, § 66; H.R.Rep. No. 95–595, *supra*, at 186–7. Without such priority status, Trustees may be reluctant to take on the responsibilities of administration which, as in this case, may involve a substantial amount of time and effort. The statutory granting of this priority status to such expenses ahead of those comparable expenses of the converted case suggest that the compensation awards for the Chapter 11 and Chapter 7 Trustees are not on a parity such that the double-dipping considerations of § 326(c) come into play. It is difficult to perceive that a claim which is subordinate can be pro-rated in payment under § 306 with the superior claim of the Chapter 7 Trustee. It is indeed self-contradictory that the Chapter 7 Trustee's commissions with its priority status should be shared with the preceding Trustee's fees and commissions which is subordinate.

The Court's attention has been drawn to the case of *In re Schneider*, 15 B.R. 744 (Bankr.D.Kan.1981), which appears to be the only reported court decision found discussing the application of § 326 to a situation in which there was a conversion. In *Schneider*, the debtor converted his case from a case under Chapter 7 to a case under Chapter 13. Prior to conversion, the Chapter 7 Trustee sought allowance of statutory fees under § 326 and attorney's fees under § 328. In considering the amount of compensation to which the Chapter 7 Trustee was entitled, the court con-

cluded that in light of the conversion, two Trustees would serve in the same case and, under § 326(c), their fees could not exceed the statutory maximum established by § 326(a) and (b). Given our examination of the legislative history of § 326(c) against the backdrop of the *Bankruptcy Act* and other provisions of the *Bankruptcy Code,* we reach a different conclusion.

An appropriate Order will be entered fixing the Chapter 7 Trustee's fees and commissions undiminished by and without regard to the preceding Chapter 11 Trustee's fees and commissions.