**In re ORANGE COAST PLASTIC MOLDING, INC., Debtor.**

**Bankruptcy No. SA 83–01005 PE.**

United States Bankruptcy Court, C.D. California.

Sept. 12, 1986.

Richard Marshack, Santa Ana, Cal., trustee.

MEMORANDUM RE TRUSTEE'S FEES

PETER M. ELLIOTT, Bankruptcy Judge.

The Chapter 11 trustee has requested an interim fee allowance of $14,876.48 based upon disbursements of $489,882.82. That amount is the maximum compensation that could be allowed under 11 U.S.C. § 326(a)

as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAFJA). The maximum commission allowable to a trustee under § 326(a) before the 1984 amendment, based upon total disbursements of $489,882.82, is $5,778.82.

The above-entitled Chapter 11 case was filed in 1983. The debtor operated as a debtor in possession until the Chapter 11 trustee was appointed on February 27, 1986. The trustee contends that since he was not appointed until after the 1984 amendment to § 326, he should be entitled to the more generous ceiling on fees afforded by the amended § 326.

The United States Trustee filed a statement of no objection to the Chapter 11 trustee's request for interim compensation.

After the duly noticed hearing, I allowed the trustee $5,778.82 as interim fees and gave the trustee until September 3, 1986 to file a brief in support of basing his compensation on § 326 as amended in 1984. No brief has been filed.

Section 553(a) of BAFJA, Pub.L. No. 98–353, enacted July 10, 1984, provides that the amendments to Title 11 of the United States Code, with exceptions not here relevant, were effective as to cases filed 90 days after the date of enactment. Because this Chapter 11 case was filed in 1983, the more generous limits of § 326(a) as amended do not apply. The fact that the trustee was not appointed until well after the effective date of the amendment does not change this result.

My research discloses only one case to the contrary, *In re Yale Mining Corp.*, 59 B.R. 302 (Bankr.W.D.Va.1986). Although the date of filing of the Chapter 11 case by Yale Mining Corp. is not stated in the reported case, an earlier opinion in the same case, reported at 39 B.R. 201, is dated May 8, 1984, showing that the Yale Mining Corp. Chapter 11 was filed before the effective date of the BAFJA amendments. In the opinion, reported at 59 B.R. 302, the judge utilized the statutory maximums of § 326(a) as amended in 1984 without discussion. I respectfully disagree and hold that the trustee's compensation is limited by § 326(a) prior to the 1984 amendments and his maximum allowable interim compensation is $5,778.82.

The report of the trustee showing time spent and the nature and extent of his services justifies an award of $5,778.82.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. The within memorandum of decision shall constitute my findings of fact and conclusions of law.