### In re MONEX, INC., Debtor.

### Bankruptcy No. 3–84–01298.

United States Bankruptcy Court,
E.D. Tennessee.

May 22, 1987.

Thomas H. Dickenson, Knoxville, Tenn., for Debtor.

John P. Newton, Jr., Knoxville, Tenn., Trustee.

Gregory Shanks, Knoxville, Tenn., for Trustee.

MEMORANDUM AND ORDER ON TRUSTEE'S APPLICATION FOR COMPENSATION UNDER § 326(a)

RICHARD STAIR, Jr., Bankruptcy Judge.

At issue is the amount of compensation allowable to the Chapter 7 trustee under 11 U.S.C.A. § 326(a) (West 1979 and Supp. 1987). The trustee maintains the increased percentage allowance provided by the 1984 amendment to § 326(a) applies because the case, though originally filed under Chapter 11 prior to the effective date of the amendment, was converted to Chapter 7 after the effective date of the amendment.

Based upon disbursements totaling $373,191.99, John P. Newton, Jr., trustee, requests final compensation in the amount of $11,375.76, the maximum compensation allowable under § 326(a) as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984.[1] The trustee's maximum compensation allowable under § 326(a) prior to the 1984 amendments, based upon disbursements of $373,191.99, is $4,611.92.

The debtor originally commenced this case by the filing of a voluntary petition under Chapter 11 on August 9, 1984. On June 4, 1985, the Chapter 11 case was converted to Chapter 7 and the trustee was appointed. Contending that conversion of the case to Chapter 7 created a new case to which the § 326(a) amendments apply, the

---

**1.** Pub.L. No. 98–353, 98 Stat. 333 (1984).

trustee seeks compensation under § 326(a) at the higher rates in effect after the 1984 amendments. Further, the trustee contends no party in interest objected to the compensation requested after notice and a hearing and that the court has discretion to resolve this issue in his favor.

On April 21, 1986, the trustee filed a request for interim compensation based on disbursements totaling $243,086.66. The trustee's application requested: "[t]hat he be allowed the maximum amount of interim compensation permitted ... under Section 326(a) [as amended in 1984] ... in the amount of $7,292.60." [2] On behalf of the Small Business Administration, the United States objected to the trustee's request for interim compensation because all of the monies of the estate had not been disbursed. There were no objections by any party in interest to the amount requested. This court on May 12, 1986, allowed the trustee interim compensation in the requested amount. The court is of the opinion that interim compensation should not have been granted at the higher rates.

Section 553(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984, enacted July 10, 1984, provides:

Except as otherwise provided in this section, the amendments made by this title shall become effective to cases filed 90 days after the date of enactment of this Act.

Section 553(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984 is unambiguous. With exceptions not material, the 1984 amendments apply to cases filed 90 days after enactment. The debtor's Chapter 11 case was filed August 9, 1984. Conversion of the case to Chapter 7 coupled with the appointment of a trustee on June 4, 1985, after the effective date of the amendment, does not change this fact. See *In re Orange Coast Plastic Molding, Inc.*, 64 B.R. 798 (Bankr.C.D.Ca.1986) (more generous limits of § 326(a) as amended in 1984 do not apply where Chap-

ter 11 trustee was appointed in 1986 in a case filed in 1983).

The trustee relies upon *In re Yale Mining Corp.*, 59 B.R. 302 (Bankr.W.D.Va. 1986), a Chapter 11 case filed prior to the effective date of the 1984 amendments, where the issue was whether a Chapter 11 trustee and a Chapter 7 trustee had served in the same "case" within the intended meaning of that term as found in § 326(c) (limiting aggregate compensation for trustees in one case to the maximum allowable under § 326(a)). In *Yale Mining*, the bankruptcy court apparently applied the statutory rates of § 326(a) as amended in 1984 without discussion. This court, as did Judge Elliott in *In re Orange Coast Plastic Molding, Inc.*, respectfully disagrees.

Bankruptcy Code § 301 provides:

A voluntary *case* under a chapter of this title is *commenced by the filing* with the bankruptcy court *of a petition* under such chapter by an entity that may be a debtor under such chapter. The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.

11 U.S.C.A. § 301 (West 1979) (emphasis added).

Bankruptcy Code § 101(36) defines "petition": "petition" means petition filed under section 301 ... of this title ... commencing a case under this title. 11 U.S.C.A. § 101(36) (West Supp.1987).

Bankruptcy Code § 348, entitled "Effect of conversion," recites in material part:

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which *the case* is converted, but, except as provided in subsections (b) and (c) [immaterial herein] of this section, *does not effect a change in the date of the filing of the petition*, the commencement of the case, or the order for relief.

. . . .

11 U.S.C.A. § 348 (West 1979) (emphasis added).

---

**2.** Maximum allowable compensation on disbursement of $243,086.66 under amended § 326(a) totals $7,472.60.

Conversion of a case from one chapter to another does not create a change in the filing date. Contrary to the trustee's contention, the law is clear and the court has no discretion on this issue.

For the reasons set forth herein, the trustee's compensation is fixed at $4,611.92, the amount allowable under § 326(a) prior to the 1984 amendments. Further, since the trustee previously received $7,292.60 as interim compensation, he will apply that entire sum toward the compensation allowed under § 326(a), $4,611.92, and the sum allowed as compensation for his services as attorney for the trustee, $4,556.75, leaving a balance due the trustee on his attorney fees totaling $1,876.07.

The trustee will prepare an appropriate distribution order authorizing payment of expenses of administration and claims pursuant to the provisions of this memorandum and order and the directives of the court at the conclusion of the final meeting of creditors held on May 7, 1987.

SO ORDERED.