**In re CUSTOM ROCK PRODUCTS, INC., Debtor.**

**Bankruptcy No. 685–07082–R7.**

United States Bankruptcy Court, D. Oregon.

July 15, 1987.

Raymond P. Jackson, Redding, Cal., for debtor.

Michael Miller, Klamath Falls, Or., for trustee.

Bruce Huffman, Klamath Falls, Or., for creditor.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Consultant.

This matter comes before the court as a result of the final hearings held in this case.

This case was originally filed as a case under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of California on February 15, 1984. The case was transferred to this court on January 22, 1985 and was subsequently converted to a case under Chapter 7 of the Bankruptcy Code on October 7, 1985.

A final hearing was held on November 4, 1986 and continued for a further hearing on April 29, 1987 due to the number of people requesting that their claims be allowed as expenses of administration. Many of the claims were objected to by interested parties.

None of the parties have objected to a determination of any of the matters raised at the final hearings by the Bankruptcy Consultant. Accordingly, pursuant to Miscellaneous Order No. 87–21 of the United States District Court for the District of Oregon, this court heard and determined all of the matters raised at the final hearings except for one request for fees.

The Chapter 7 trustee, Kenneth Fox, has applied for fees in the amount of $3,038.56. This request is based upon the maximum compensation that could be allowed under 11 U.S.C. 326(a) as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAFJA). Creditor, Gordon Hevern and others objected, contending that the maximum compensation that should be allowed to the trustee is the amount that would have been allowed under § 326(a) prior to BAFJA. This question concerning the trustee's fees remains the sole issue to be decided by this court arising from the final hearings in this case.

11 U.S.C. 326(a) (after the BAFJA amendments) provides as follows:

In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, and three percent on any amount in excess of $3,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

The trustee maintains that since this case was converted and he was appointed after the effective date of the BAFJA amendments, that he is entitled to the more generous fee schedule that Congress provided in BAFJA.

The trustee relies heavily upon *In re Yale Mining Corp.*, 59 B.R. 302 (Bankr.W. D.Va.1986).

The objecting parties maintain that since this case was originally filed prior to the effective date of the BAFJA amendments, that the trustee is limited, in seeking compensation, to the provisions of 11 U.S.C. 326(a) as it existed prior to BAFJA. Prior to BAFJA, § 326(a) provided as follows:

In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, three percent on any amount in excess of $3,000 but not in excess of $20,000, two percent on any amount in excess of $20,000 but not in excess of $50,000, and one percent on any amount in excess of $50,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

Section 553(a) of BAFJA—Public Law No. 98–353, enacted July 10, 1984 provides as follows:

Except as otherwise provided in this section the amendments made by this title shall become effective to *cases filed* 90 days after the date of enactment of this Act. (emphasis added)

Thus, with certain exceptions not relevant here, the more generous compensation provided by the BAFJA amendments applies only to cases filed after October 8, 1984. *In re Orange Coast Plastic Moulding, Inc.,* 64 B.R. 798 (Bankr.C.D.Cal.1986)

In *Yale Mining supra* it appears the court awarded the higher fee scale on similar facts without explanation or discussion of § 553(a). The *Yale Mining* Court's opinion centered mainly on an interpretation of the word "case" in the context of § 326(c), which limits trustee compensation when two or more trustees serve in the same case. The court, after examining § 326(c)'s legislative history and the statutory preference given to Chapter 7 administrative expenses (over those incurred prior to conversion to Chapter 7 from Chapter

11), held that the word "case", as used in § 326(c) refers only to proceedings within a specific chapter of the Code and that a "new case" was created upon conversion, so that both a Chapter 11 trustee and a Chapter 7 trustee could each receive the maximum fee scale.

Section 553(a) makes it clear, however, that the amendments provided by BAFJA become effective only to "cases filed" 90 days after the date of BAFJA's enactment. Since this case was originally "filed" before the effective date of the BAFJA amendments, this court concludes that the trustee is bound by § 326(a) as it existed prior to BAFJA.

The trustee's final report shows total receipts of $92,285.18. Applying the ceiling provided .for in § 326(a) pre-BAFJA yields a maximum fee of $1,802.85.

Accordingly, the trustee's fees will be allowed in the amount of $1,802.85, an order of final distribution may now be entered in this case.

This opinion shall constitute the court's findings of fact and conclusions of law; they shall not be separately stated.