**UNITED STATES TRUSTEE, Plaintiff,**

v.

**Cynthia KINSER, Trustee, Defendant.**

**Civ. A. No. 90–0072–B.**

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

March 27, 1991.

Thomas W. Kennedy, Office of the U.S. Trustee, Roanoke, Va.

Hugh P. Cline, Norton, Va., for debtor.

W.H. Steven Rowlett, Pennington Gap, Va., for defendant.

## ORDER

MICHAEL, District Judge.

This action is before the court on appeal from the Bankruptcy Court's ruling on the issue of the appropriate amount of fees to be paid to the trustee. The parties have filed briefs and the court has heard oral arguments. The matter is now ripe for disposition.

### I.

The bankruptcy proceeding began when Morgan Legg filed a voluntary chapter 11 petition in October of 1981. Cynthia Kinser was appointed the chapter 11 trustee in May of 1982. In November of 1988, the United States filed a motion to convert the case to a chapter 7 proceeding because the debtor had not filed a disclosure statement or a reorganization plan, and had not paid quarterly fees. Essentially, nothing had been done in the case since late 1986. The court converted the action in January of 1989, and Kinser was appointed trustee of the chapter 7 proceeding.

The parties are in dispute over what compensation should be awarded to Kinser. Title 11 U.S.C. § 326(a), which governs the calculation of a trustee's compensation in a chapter 7 case, was amended in 1984 by the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA"). Section 326(a) as amended significantly increases the maximum rate allowed to a chapter 7 trustee. The amendment would apply to this case only if the court were to find that the conversion of the case from chapter 11 to chapter 7 in 1989 constituted a new filing of the action.

The Bankruptcy Judge held that Congress intended the higher rate to be paid regardless of whether the trustee was appointed in a new case filed after the effective date or was appointed after the effective date pursuant to a conversion. He consequently awarded the higher rate of § 326(a) as amended.

### II.

When reviewing a decision of the Bankruptcy Court, this court must apply a clearly erroneous standard of review to issues of fact, and a *de novo* review to conclusions of law. No factual issues are disputed in this appeal.

To determine whether § 326(a) as amended applies to this action, the court must examine § 553(a) of BAFJA, which provides that the amendments, with exceptions not here relevant, "shall become effective to cases filed 90 days after the date of enactment of this Act", which was July 10, 1984. Thus, the "effective date" is October 8, 1984, and the amended § 326(a) applies to all cases filed after that date.

Although the original bankruptcy petition was filed in 1981, the court below determined that the conversion of case in bankruptcy constitutes a new filing, and thus the chapter 7 action herein constituted a "case filed" after the effective date of the BAFJA. If the court below was incorrect, however, and a conversion does not constitute a new filing, whether the chapter 7 trustee was appointed before or after the effective date is irrelevant: If the case was filed before the effective date of the amendment, old § 326(a) applies.

A survey of relevant statutes and case law indicates that a conversion of case in bankruptcy is not the equivalent of filing a new case. Section 348 of the Bankruptcy Code, entitled "effect of conversion", provides:

(a) Conversion of a case from a case under one chapter ... to a case under another chapter ... constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, *does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.*

11 U.S.C. § 348 (emphasis added). This section has been interpreted to mean that "those sections of the Code that are keyed to the dates of filing of the petition, commencement of the case or entry of the order for relief are unaffected by conver-

sion." 2 Collier on Bankruptcy 348.02 (15th ed. 1990).

Contrary to the decision of the court below, other courts have uniformly held that the conversion of a case from one chapter to another does not create a new filing date or a new case. In *In re Monex, Inc.*, 74 B.R. 43 (Bankr.E.D.Tenn.1987), the debtor filed a voluntary petition under Chapter 11 in August of 1984. In June of 1985, the case was converted to Chapter 7 and the trustee was appointed. The trustee contended that the conversion of the case created a new case to which the amended § 326(a) applied. The bankruptcy judge held that the conversion and appointment of a trustee in 1985 did not change the fact that the case was filed in August of 1984 and thus the old § 326(a) applied. Citing § 348, the court stated, "Conversion of a case from one chapter to another does not create a change in the filing date.... the law is clear and the court has no discretion on this issue." *Id.* at 45.

In *Kandel v. Alexander Leasing Corp.*, 107 B.R. 548 (N.D.Ohio 1988), *aff'd* 889 F.2d 1087 (6th Cir.1989), the court stated:

> Because the bankruptcy proceedings involved in this case were instituted prior to 1984, the trustee's compensation in this case is limited by 11 U.S.C. § 326(a) as written prior to the 1984 Amendments, even though the trustee in this case was not appointed until after the effective date of the amendment.

*Id.* at 551 (citations omitted). Other courts have also reached the same conclusion. *See In re Orange Coast Plastic Molding, Inc.*, 64 B.R. 798, 799 (Bankr.C.D.Cal.1986) (Section 326(a) as amended does not apply to a Chapter 11 case filed in 1983. "The fact that the trustee was not appointed until well after the effective date of the amendment does not change this result."); *In re Custom Rock Products, Inc.*, 75 B.R. 885, 887 (Bankr.D.Or.1987) (Amended § 326(a) does not apply to case filed under

Chapter 11 in February of 1984 and converted to a Chapter 7 proceeding in October of 1985.).

In deciding the issue of whether conversion constitutes a new filing, the court below relied on its decision in *In re Yale Mining Corp.*, 59 B.R. 302 (Bankr.W.D.Va. 1986), the only source of authority this court has found holding that conversion of a case in bankruptcy comprises a new filing. *Yale Mining* was a Chapter 11 case filed prior to the effective date of the 1984 amendment and converted thereafter. The issue in the case was whether a Chapter 11 trustee and a Chapter 7 trustee had served in the same "case" within the intended meaning of that term as found in § 326(c), which limits the aggregate compensation for trustees in one case to the maximum allowable under § 326(a). The court found that the conversion created a new "case" for the purpose of § 326(c) and, without discussion, apparently applied the statutory rates of § 326(a) as amended in 1984.

Other courts have specifically rejected the reasoning of the bankruptcy court in *Yale Mining*.[1] *See Orange Coast*, 64 B.R. at 799; *Monex*, 74 B.R. at 44. In *Custom Rock*, the court explained:

> [T]he *Yale Mining* court's opinion centered mainly on an interpretation of the word "case" in the context of § 326(c), which limits trustee compensation when two or more trustees serve in the same case. The court ... held that the word "case", as used in § 326(c) refers only to proceedings within a specific chapter of the Code and that a "new case" was created upon conversion, so that both a Chapter 11 trustee and a Chapter 7 trustee could each receive the maximum fee scale.

*Custom Rock*, 75 B.R. at 887. The court then went on to hold that the language of § 553(a) clearly dictates the conclusion that amended § 326(a) applies only to cases filed after the effective date and that conversion

---

1. Despite the uniform criticism of the decision in *Yale Mining* to award fees based on § 326(a) as amended, courts have agreed with that portion of the opinion which held that in a converted case, the chapter 11 trustee fee is independent from the chapter 7 fee, and thus the compensation to the trustees need not be aggregated when applying the standards of § 326(c). *See In Re Financial Corp. of America*, 114 B.R. 221, 225 (9th Cir. BAP 1990). This issue, however, is inapposite to the issue on appeal in this case.

after such date was not sufficient to constitute a "filing." *Id.*

In response to the great weight of authority against her position, the appellee asserts that the filing of the case can fairly be construed to mean the filing of a motion to convert. Kinser claims that the chapter 11 case effectively ceased when the debtor failed to file a plan or take other action and that a chapter 7 action could not be commenced unless a motion to convert was filed. Thus, she contends, the filing of the motion to convert becomes the "filing" of the case contemplated by § 553(a).

The only authority Kinser cites to support her assertion that conversion constitutes a new filing is *Yale Mining*, a case which this court does not find to control the issue before it. Kinser correctly notes, however, that the cases supporting the appellant's position do not discuss the meaning of the term "cases filed" in § 553, rather they assume that it means "petition filed." The court's examination of this issue revealed a recent decision of the Tenth Circuit Court of Appeals which clarifies the meaning of § 553. In *In re Republic Trust & Sav. Co.*, 897 F.2d 1041 (10th Cir.1990), the court stated:

> Although no circuit court has squarely addressed the meaning of the word "cases" in § 553, in *Fidelity Sav. Inv. Co. v. New Hope Baptist*, 880 F.2d 1172, 1175 n. 2 (10th Cir.1989), we recently endorsed the view that "cases" refers to bankruptcy cases rather than adversary proceedings.... To support our statement, we cited *In re Sounds Distrib., Inc.*, 80 B.R. 749, 751–52 (Bankr.W.D.Pa. 1987), which held that the controlling date in determining the applicability of the 1984 amendments was the date the debtors filed their bankruptcy petition rather than the date the trustee commenced adversary proceedings. *See also In re Bullion Reserve*, 836 F.2d 1214, 1217 n. 2 (9th Cir.), *cert. denied*, 486 U.S. 1056, 108 S.Ct. 2824, 100 L.Ed.2d 925 (1988) (amendment to § 547(c)(2) did not apply because debtor filed its bankruptcy

petition in 1983); *In re Energy Co-op Inc.*, 832 F.2d. 997, 1000 n. 2 (7th Cir. 1987) (45–day requirement applied because § 547(c)(2) amendment applicable only to "bankruptcy cases" filed 90 days after July 10, 1984).

*Id.* at 1044–45 [citations omitted]. The Tenth Circuit clearly indicates that the phrase "cases filed" in § 553 refers to the filing of a bankruptcy petition, and this court can find no reason to discredit that interpretation.

Finally, the appellee asks the court to liberally construe § 326(a), citing 73 Am. Jur. 2nd *Statutes* § 272 at 438 (1974). Kinser notes the inequity that arises when a trustee in a converted chapter 7 case filed prior to the effective date would perform essentially the same duties as a chapter 7 trustee in a case filed after the effective date and yet receive a lesser fee. Even though inequity is a typical consequence of amending statutes generally, Kinser has cited authority for liberally construing or even disregarding the limiting language in § 326(a). For example, in *In re Pancoastal, Inc.*, 104 B.R. 656 (Bankr.D.Del.1989), the court held that where great disparity existed between the actual value of the trustee's services and the amount permitted by § 326(a), it would disregard the limitation and award the trustee compensation based on quantum merit.[2] *Id.* at 659. *Pancoastal* is not helpful in this case, however, as neither party suggests that the fees would be unreasonable under either version of § 326(a).

▉ Where a statute is clear and unambiguous, the court has no need or discretion to liberally construe its terms contrary to their literal meaning. This court finds, as other courts have before it, that the language of § 553 of BAFJA states clearly that § 326(a) as amended by that Act applies only to cases filed after October 8, 1984. The court further finds that the conversion of the action from a chapter 11 to a chapter 7 case in bankruptcy does not

---

**2.** The disparity in *Pancoastal* was great. At the normal hourly rate for similar services, the trustee would have received $61,756.25, and the

statutory limit was only $4,106.96. *Pancoastal,* 104 B.R. at 658.

constitute a new filing of a case for the purpose of awarding the higher trustee fees of § 326(a) as amended.

### III.

Because the bankruptcy proceedings involved in this case were instituted prior to October 8, 1984, the trustee's compensation should be limited by 11 U.S.C. § 326(a) as it existed prior to the BAFJA amendment, even though the trustee was not appointed until after the effective date of the amendment. The ruling of the bankruptcy court is consequently reversed, and the case is remanded to the bankruptcy court for the computation of the trustee's fees in accordance with the principles herein stated.

An appropriate order shall this day issue.