**In re H & S MOTOR FREIGHT, INC., Debtor.**

**John R. STONITSCH, United States Trustee, Appellant,**

v.

**Jack E. BROWN, Chapter 7 Trustee, Appellee.**

No. 93–3494.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1994.

Decided May 10, 1994.

Kathleen Dunivin Schmitt, Washington, DC, for appellant.

Before McMILLIAN, MAGILL and BEAM, Circuit Judges.

McMILLIAN, Circuit Judge.

John R. Stonitsch, United States Bankruptcy Trustee, appeals from the final order entered in the District Court for the Western District of Missouri, affirming the Bankruptcy Court's order granting enhanced compensation to Jack Brown, trustee. For the reasons discussed below, we reverse.

On August 3, 1983, H & S Motor Freight, Inc., filed a Chapter 11 petition in bankrupt-

cy. On May 1, 1984, John Brown was appointed as trustee. On May 17, 1984, the case was converted to a Chapter 7 liquidation case. On February 10, 1993, Brown moved for compensation—seeking $13,723.47 based on disbursements of $448,449—under § 326(a) of the Bankruptcy Code, as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAFJA), Pub. L.No. 98–353, Title III, § 430(a), 98 Stat. 333, 369 (1984) (codified at 11 U.S.C. § 326(a)). Brown argued that, although the bankruptcy proceedings were filed before the effective date of the amendments to BAFJA adopting a new formula for calculating trustee fees, the court should apply the amended provision because he provided the bulk of his ten years of service after the amendments were adopted. The United States Trustee objected, arguing that the compensation should have been calculated according to the formula in the pre–1984 provision of § 326(a), in the amount of $5364.49, because the amount of trustee compensation is determined as of the date the bankruptcy case is filed.

Following a hearing, the bankruptcy court found that under the circumstances, an award of fees under the pre–1984 amendments would be improper, and the reasonable and appropriate fee would be $13,500. The United States Trustee appealed to the district court, which concluded that the bankruptcy court's award of fees was not clearly erroneous. The United States Trustee appeals.

 Because the issue in this case is a question of law to be reviewed de novo, the district court erred in reviewing for clear error. See In re Briggs Transp. Co., 780 F.2d 1339, 1342 (8th Cir.1985); United States Trustee v. Kinser, 128 B.R. 417, 418 (W.D.Va.1991). Under 11 U.S.C. § 330(a)(1), a court may award a trustee "reasonable compensation" subject to the limitations set forth in § 326(a). Section 553(a) of BAFJA, enacted July 10, 1984, provided that the amendments to the Bankruptcy Code were effective as to "cases filed 90 days after the date of enactment of this Act." See Pub. L.No. 98–353, 1984 U.S.C.C.A.N. (98 Stat.) 392.

All courts which have interpreted this section have concluded that the plain language of the statute precludes application of amendment to a case filed before October 8, 1984. See, e.g., Kinser, 128 B.R. at 419; Kandel v. Alexander Leasing Corp, 107 B.R. 548, 551 (N.D.Ohio 1988), aff'd, 889 F.2d 1087 (6th Cir.1989) (Table); In re Custom Rock Prods., Inc., 75 B.R. 885, 887 (Bankr.D.Or. 1987). Here, there is no dispute that the bankruptcy petition was filed, the trustee was appointed, and the case was converted from a Chapter 11 to a Chapter 7 case before October 8, 1984. Although the bankruptcy and district courts attempted to achieve a fair result considering the work performed by the trustee, based on the weight of authority and the plain language of the statute, we are constrained to reverse the district court's order affirming the award of fees.

Accordingly, we reverse and remand to the district court with instructions to remand this case to bankruptcy court to enter an order consistent with this opinion.