## In re TOM CARTER ENTERPRISES, Debtor.

Bankruptcy Nos. SA 83–05401–RP, SA 83–05403–RP, SA 83–05404–RP and SA 83–05415–RP.

United States Bankruptcy Court, C.D. California.

May 10, 1985.

Curtis B. Danning and James J. Joseph, Danning, Gill, Gould, Joseph & Diamond, Los Angeles, Cal., co-trustees.

Richard J. Reynolds, Swanson & Casello, Santa Ana, Cal., for objector.

Robert W. Alberts, Rutan and Tucker, Costa Mesa, Cal., for Official Committee of Unsecured Creditors.

## MEMORANDUM OF DECISION AND ORDER RE MOTION FOR RECONSIDERATION OF ORDER RE INTERIM FEES OF CHAPTER 11 CO-TRUSTEES

RALPH G. PAGTER, Bankruptcy Judge.

The Motion of the Chapter 11 Co-Trustees for reconsideration of this Court's Order for Interim Fees of Chapter 11 Trustees came on regularly to be heard on April 18, 1985, in Courtroom 520, 34 Civic Center Plaza, Santa Ana, California, after due and appropriate notice. CURTIS B. DANNING and JAMES J. JOSEPH, Co-Trustees, appeared by DANNING, GILL, GOULD, JOSEPH & DIAMOND, by CURTIS B. DANNING; Objector INTERNATIONAL CENTRAL BANK AND TRUST CORPORATION, on behalf of customers purportedly having claims against the debtors, appeared by SWANSON & CASELLO, by RICHARD J. REYNOLDS; the Official Committee of Unsecured Creditors appeared by RUTAN & TUCKER, by ROBERT W. ALBERTS.

The Chapter 11 Co-Trustees filed and noticed a timely Motion to Reconsider that portion of this Court's Order Approving First Report and Account of Co-Trustees and Allowing Interim Fees and Expenses, dated, filed and entered November 20, 1984, wherein the Court ordered that:

"b. Insofar as the co-trustees seek interim compensation, their application be and is hereby denied without prejudice as premature pursuant to 11 U.S.C. § 326 as per the authority of *Southwestern Media vs. Rau*, 708 F.2d 419 (9th Cir., 1983), because the co-trustees have not as yet disbursed sufficient funds, as required by § 326."

The Chapter 11 Co-Trustees contend that they are entitled to interim compensation for services rendered, the maximum to be based upon the funds received and to be disbursed, and that actual disbursement is not a prerequisite to the award of fees to a Chapter 11 Trustee. They further contend that *Southwestern Media v. Rau*, relied upon by the Court, is not determinative of the issue of Trustees' compensation.

International Central Bank and Trust Corporation, on behalf of customers purportedly having claims against the debtors, opposed the Motion for Reconsideration.

The Committee of Unsecured Creditors did not oppose the Motion for Reconsideration, and stated in open Court that it did not oppose the compensation requested by the Co-Trustees.

The effective date of the First Report, Account and Application for Compensation was September 6, 1984. The Chapter 11 Co-Trustees had received and administered the sum of $4,851,699.11 in the individual case of Thomas D. Carter and Diana M. Carter, as of September 6, 1984, they had disbursed the sum of $63,699.88 as of that date. The maximum statutory compensation based upon $4,851,669.11 is $49,396.70, and the Trustees have requested $48,000 as interim compensation. The maximum statutory compensation based upon $63,669.88 is $1,516.70.

The Chapter 11 Co-Trustees had received and administered the sum of $703,074.57 in the Tom Carter Enterprises, Inc. case, as of September 6, 1984, and they had disbursed the sum of $103,930.09 as of that date. The maximum statutory compensation based upon $703,074.57 is $7,910.75, and the Trustees have requested $7,500 as interim compensation. The maximum compensation based upon $103,930.09 is $1,919.30.

The Chapter 11 Co-Trustees had received and administered the sum of $198,290.98 in the Tom Carter Enterprises Las Vegas, Inc. case as of September 6, 1984, and they had disbursed the sum of $76,559.33 as of that date. The maximum statutory com-

pensation based upon $198,290.98 is $2,752.91, and the Trustees have requested the sum of $2,500 as interim compensation. The maximum statutory compensation based upon $76,559.33 is $1,645.59.

The Court has reconsidered the quoted portion of the Order entered on November 20, 1984, so the Motion for Reconsideration is granted to that extent.

■ The Court now concludes that § 326 and the cases previously relied upon do not prevent the allowance and payment of reasonable interim compensation to the Co-Trustees at this time. The Court is not persuaded by the opinion of U.S. Bankruptcy Judge Peter Elliott in the matters of *American Home Mortgage Corporation,* Case No. SA 82–05097–PE, and *Western States Pension Corporation,* Case No. SA 82–05098–PE, and is not bound by *Southwestern Media, Inc. v. Rau,* 708 F.2d 419 (9th Cir.1983). Further, the cases cited by the Objector are not persuasive. *Southwestern Media* does not deal with interim compensation at all, and deals merely with the method of calculating a trustee's maximum statutory compensation [under the Bankrupcty Act]. Similarly, *In re Bofill,* 25 B.R. 550 (Bkrtcy.Ct.S.D.N.Y.1982) dealt with final compensation, rather than interim compensation. *In re New England Fish Co.,* 34 B.R. 899 (Bkrtcy.Ct.W.D.Wash. 1983), is readily distinguishable on its facts.

Section 331 of the Code specifically authorizes a "trustee" to apply not more than once every 120 days after the order for relief (or more often if the court permits) for interim compensation on account of services rendered before the application is filed, and the court is permitted to award such compensation.

There can be no real argument that the "services" for which the trustee is entitled to be compensated on an interim basis within the meaning of § 331 must include more than mere disbursement, which is usually the last, and perhaps one of the more routine "services" performed by a trustee. Yet it is clearly the intention of Congress that a trustee may receive interim compensation after rendering "services". If Congress had intended that the trustee could receive compensation only after disbursement, Congress would have said so in § 331, for it clearly was aware of the concept of disbursement as evidenced by its use of the term in § 326 in connection with establishing a statutory maximum for compensation.

■ In short, to adopt the Objector's position is to render § 331 of the Code meaningless, as to a trustee. It cannot be assumed that Congress passed meaningless legislation, and the section must be construed to have meaning. See *Rosado v. Wyman,* 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); *Wilshire Oil Co. of Calif. v. Costello,* 348 F.2d 241 (9th Cir. 1965).

Section 326 of the Code is entitled "Limitation on Compensation of Trustee" and the section accomplishes precisely this end, for it establishes a formula, [based upon monies ultimately disbursed] to determine what the maximum amount payable to the trustee for services in an entire case may be. There is nothing in the language of § 326 and there is nothing in the legislative history pertaining to the section to suggest that the application of the formula to determine maximum compensation is tied in any fashion to the question of when compensation may be paid.

Quite to the contrary, § 326 provides that the trustee may be paid after rendition of "services", which is consistent with § 331 authorizing interim compensation. Again, if Congress had intended that the trustee could be awarded fees only after disbursement, Congress would have so stated. The fact of the matter is, it did not.

The legislative history relating to § 331 of the Code provides in part:

"The only affect of this section is to remove any doubt that officers of the estate may apply for, and the court may approve, compensation and reimbursement during the case, instead of being required to wait until the end of the case, which in some instances may be years."

If the law were as the Objector contends, the practical effect in almost all cases

would be that the expressed intent and purposes of § 331 of the Bankruptcy Code would be followed and served with respect to all professionals in a case except the trustee. With respect to the trustee, the intent and purpose of the statute would be subverted, for if a trustee can be paid only upon disbursement, the last and simplest act of service in the typical case, the trustee may be required to wait "years" for compensation, while all other professionals are being paid on an interim basis. This is exactly the result that § 331 was enacted to avoid.

The Co-Trustees are allowed the sum of $29,460.00 as interim compensation, the sum to be prorated among the three cases in accordance with the amount of the respective fee requests.

The Order Approving First Report and Account of Co-Trustees and allowing interim fees and expenses, dated, filed and entered on November 20, 1984, is modified only with respect to the provision re interim compensation of the Chapter 11 Co-Trustees, and only to the extent provided herein.