**In re GLOBAL MARINE, INC., Debtor.**

**BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, For itself and as lending syndicate agent for Bank of America, Manufactures Hanover Trusts Company, Continental Illinois National Bank & Trust Co. of Chicago, First City National Bank of Houston, The Bank of California National Association, The First National Bank of Chicago and First Republic-Bank Dallas, N.A., Appellant,**

v.

**WEIL, GOTSHALL & MANGES, Appellee.**

Civ. A. No. H–88–452.

United States District Court, S.D. Texas, Houston Division.

June 14, 1988.

## MEMORANDUM AND ORDER OF DISMISSAL

DeANDA, Chief Judge.

Pending before the Court in the above referenced cause is Appellee Weil, Gotshal & Manges' motion to dismiss Notice of Appeal of an order awarding interim compensation and denying conflict of interest in Appellee's legal services to Debtors captioned below. After reviewing the record and the law, for reasons set forth below the Court concludes that Appellee's motion should be granted.

Appellee served as court-appointed counsel, after full and fair disclosure of its eligibility under Section 327 of the Bankruptcy Code, for the fourteen Debtors in possession in this Chapter 11 reorganization proceeding. No parties objected to Appellee's role until the Bankruptcy Court entertained two applications for interim

compensation. Ultimately, in the presently contested order of September 29, 1987, 108 B.R. 998, the Bankruptcy Court allowed Appellee to recover $2,243,733.81 in attorneys' fees and expenses for the period from January 27, 1986 through November 30, 1986. As an additional safeguard, the bankruptcy judge imposed a 10% holdback on the award and reserved the right of final decision on proper allocation of the sum among the various Debtors until final fee application is made. Moreover, in denying challenges from two creditors, now Appellants, the Bankruptcy Court ruled that at that time there was no actual conflict of interest necessitating disqualification or precluding continuing joint representation by Appellee of the multiple Debtors. Three subsequent applications for interim compensation have been filed with the Bankruptcy Court by Appellee.

Appellant–Creditors, in particular the Bank of America Syndicates and Metlife, argued to the Bankruptcy Court that a conflict of interest is created by the joint representation because of large intercompany debt and loan guarantees among the Debtors. Also, Appellants objected because Appellee failed to allocate time and charges among the Debtors in its applications for reimbursement. Appellants now urge that this Court should hear their appeal, whether or not the bankruptcy judge's order is a final order, because the ruling places several million dollars of assets beyond the Creditors' reach. Indeed, Appellants assert here that the interim fee award itself makes Appellee financially interested in directing the reorganization because there are no unencumbered assets to satisfy it. Moreover, because billions of dollars are involved in this reorganization, the possibility of a greater conflict of interest materializing in the future proffers enormous risk in terms of time and money to Creditors and Debtors alike in what purports to be a lengthy proceeding. Finally, Appellants contend that the issue of conflict of interest has been finally determined and is reviewable as a final order.

■ The Court finds that, under the law and the facts of this case, the contested order is not "a single jurisdictional [or judicial] unit" constituting a final order; instead, it is an interlocutory judgment and therefore not immediately appealable as a matter of right under 28 U.S.C. § 158(a). *Path Science Laboratories, Inc. v. Greene County Hospital (In the Matter of Greene County Hospital),* 835 F.2d 589, 594–95 (5th Cir.1988); *Louisiana World Exposition, Inc. v. Federal Insurance Co. (In re Louisiana World Exposition, Inc.),* 832 F.2d 1391, 1396 (5th Cir.1987); *In re Delta Services Indus.,* 782 F.2d 1267 (5th Cir. 1986); *In re Saco Local Development Corp.,* 711 F.2d 441 (1st Cir.1983). Nor does the order fall with the recognized exceptions to the finality rule, i.e., irreparable harm to appellant from delay or collateral order. *See, e.g., Forgay v. Conrad,* 47 U.S. (6 How.) 201, 203–06, 12 L.Ed. 404 (1848); *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Smith v. Seaside Lanes (In re the Matter of Moody),* 825 F.2d 81, 87–89 (5th Cir.1987).

More specifically, despite the more flexible definitions of finality accorded to bankruptcy orders, denial of a motion to disqualify is not recognized as an exception to the rule requiring finality of judgment for appeal. *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). *Delta,* 782 F.2d at 1272–73. The order does not conclusively and permanently decide the existence of a conflict of interest so as to fall within the collateral doctrine exception under *Cohen.* Rather, the Bankruptcy Court reserved the right to review the issue should a conflict appear to arise in the future. Similarly, orders granting interim compensation are interlocutory in nature. *In re Internat'l Envt'l Dynamics, Inc.,* 718 F.2d 322, 325 (9th Cir.1983); *Callister v. Ingersoll–Rand Financial Corp. (In re Callister),* 673 F.2d 305, 307 (10th Cir.1982). Adjustments of future awards and amendments of previous interim compensation can still be made by the Bankruptcy Court, which retains jurisdiction in this litigation until it rules on a final fee application for compensation. 11 U.S.C. § 331; *Callister,* 673 F.2d at 306–07; 3 *Collier on Bankruptcy* § 331.03 at

331–8 & –9 (15th ed. 1987). Moreover, as noted, the Bankruptcy Court has established an extra safeguard, permitting later modification of its reimbursement, in ordering a 10% holdback of the award.

■ Even though not a final order appealable by right, a federal district court has the discretion to grant leave and thereby entertain an appeal from an interlocutory order of the bankruptcy court. This Court may construe Appellants' notice of appeal as a motion for leave, under Bankruptcy Rule 8003(c). In considering whether to review this interlocutory order, the Court takes due notice of the strong policy behind the finality requirement, which favors avoiding piecemeal appeals, interference with bankruptcy administration, and waste of judicial resources. In deciding whether to grant a motion for leave to appeal, the Court can turn to two standards frequently utilized by judges.

First, the Judiciary Code, 28 U.S.C. § 1292(b), recommends granting leave where a controlling question of law, with substantial ground for disagreement, exists and its resolution would materially advance the end of litigation. Such a question is not present here. Instead, both issues rest within the sound discretion of the bankruptcy judge after a fact-intensive review. *See, e.g., In re Chandler,* 66 B.R. 334 (N.D. Ga.1986) (*citing J.D. Trahan Drilling Contractor, Inc. v. Sterling,* 335 F.2d 65 [5th Cir.1964]); *In re Martin,* 817 F.2d 175 (1st Cir.1987).

The other standard frequently employed is whether "exceptional circumstances" warrant a grant of immediate appellate review. The Court fails to find such here. *See, e.g., Delta,* 782 F.2d at 1272; *Firestone Tire,* 449 U.S. at 370, 101 S.Ct. at 671; *Callister,* 673 F.2d at 307; *In re Manville Forest Products Corp.,* 47 B.R. 955, 957, 960–61 (S.D.N.Y.1985); *Four Seas Center, Ltd. v. Davies, Inc.,* 754 F.2d 1416, 1418 (9th Cir.1985); *In re Den–Col Cartage & Distribution, Inc.,* 20 B.R. 645 (Colo.1982). Both disqualification and reimbursement issues can be modified by the Bankruptcy Court in future orders.

Finally, the Court finds that Appellants' contention that the award of compensation makes Appellee self-interested in the reorganization is meritless. Such reasoning would preclude in all cases what has become a standard practice in lengthy bankruptcy proceedings.

Accordingly, the Court declines to grant leave to appeal and

ORDERS that Appellee's motion to dismiss Appellants' Notice of Appeal is GRANTED. Therefore, the Court finds all other motions pending in this action are MOOT.