### In re J. Wayne STEWART and Jean M. Stewart, Debtors.

### No. SA 91–30408 JR.

United States Bankruptcy Court, C.D. California.

Sept. 9, 1992.

**In re TRIPLE R HOLDINGS, L.P., Debtor.**

**FIRST REPUBLIC THRIFT & LOAN OF SAN DIEGO, Appellant,**

v.

### ORDER

James J. Joseph of Danning, Gill & Diamond, Los Angeles, Cal., for trustee.

### MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

Richard A. Marshack, Chapter 11 trustee ("Trustee"), filed a First Interim Report and Account of Chapter 11 Trustee and Application for Allowance of Fees and Expenses (the "Application"), seeking allowance of interim compensation based upon the amount of funds collected rather than the amount of funds actually disbursed. The Office of the United States Trustee (the "U.S. Trustee") originally objected to the Application on the grounds that 11 U.S.C. § 326[1] limits the allowance of fees

---

**1.** All references are to Title 11 of the United States Code unless otherwise noted.

to a percentage of the amounts actually disbursed by a trustee. It further argued that allowing Trustee to receive the maximum fees under § 326 prior to the case being fully administered might reduce his incentive to aggressively administer the case. The U.S. Trustee did not object to the reasonableness of the fees sought in light of the time Trustee devoted to administration of the case and did not question the necessity and reasonableness of Trustee's expenditure of time on the case.

I continued the matter to allow Trustee and the U.S. Trustee to file supplemental briefs on the issue of whether the Bankruptcy Code prohibits the allowance of interim compensation to a trustee in excess of actual disbursements. At a subsequent hearing, the U.S. Trustee argued that despite the limiting language of § 326, such allowances could be permitted in "exceptional cases"; however, it did not state what factors should be considered in determining whether an "exceptional case" exists. After conducting a hearing on June 2, 1992, I took the matter under submission.

## JURISDICTION

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(a) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district), and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## FACTS

On January 16, 1991, J. Wayne and Jean M. Stewart ("Debtors") filed a voluntary petition under Chapter 11 of the Bankruptcy Code, (the "Code"). On December 18, 1991, on motion of the Official Committee of Creditors Holding Unsecured Claims, I ordered appointment of a Chapter 11 trustee, and on January 2, 1992, I approved the U.S. Trustee's appointment of the Trustee.

On or about March 9, 1992, Trustee filed the Application seeking fees totalling $38,-635.50.

Trustee's summary of receipts and disbursements in the Application show receipts of $1,347,812.38 and disbursements of $24,662.27.

At issue is whether actual disbursement of receipts is a prerequisite to allowance and payment of interim fees to a Chapter 11 trustee.

## DISCUSSION

The Code sections governing this issue are §§ 326(a), 330(a)(1) and 331.

Section 326(a) [2] provides that a court may allow a trustee reasonable compensation under § 330 for services rendered in the case. It fixes the maximum compensation of the trustee based on the amount of funds disbursed.[3] Section 326 refers to § 330 for allowance of reasonable compensation.

Section 330 [4] authorizes reasonable compensation to a trustee for the actual and

---

**2.** 11 U.S.C. § 326(a) provides:

(a) In a case under Chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, and three percent on any amount in excess of $3,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

**3.** See, H.R.Rep. No. 595, 95th Cong., 1st Sess. 327 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess. 37–38 (1978) U.S.Code Cong. & Admin.News 1978, p. 5787. Reprinted in 4 Norton Bankr.L. & Prac. § 326(a) at 140–41 (Callaghan).

**4.** 11 U.S.C. § 330(a)(1) provides:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

necessary services rendered by the trustee and prescribes the standards for determining the amount of compensation. A § 330 award is, however, expressly subject to the limitations of § 326.

Section 331 [5] allows a trustee to apply for interim compensation for services rendered during the period before the application is filed. This section "remove[s] any doubt that officers of the estate may apply for, and the court may approve, compensation and reimbursement during the case, instead of being required to wait until the end of the case, which in some instances, may be years." [6]

The legislative policy behind the allowance of interim compensation is to insure that officers of the bankruptcy estate, including trustees, are compensated on parity with attorneys rendering comparable services. *In re International Horizons, Inc.,* 10 B.R. 895 (Bankr.N.D.Ga.1981). Otherwise, such professionals may be compelled to finance the administration of a case while attorneys in most nonbankruptcy areas of law are not forced to endure such hardship.[7]

A § 331 interim fee request is to be made in accordance with § 330. Applications may be made once every 120 days unless the court authorizes more frequent requests.

Trustee cites *In re Tom Carter Enterprises,* 49 B.R. 243 (Bankr.C.D.Cal.1985), as support for his contention that an interim fee award for a trustee need not be limited to the amount of funds disbursed. As Judge Pagter stated in *Carter,*

> There can be no real argument that the "services" for which the trustee is entitled to be compensated on an interim basis within the meaning of § 331 must include more that mere disbursement, which is usually the last, and perhaps one of the more routine "services" performed by a trustee. Yet it is clearly the intention of Congress that a trustee may receive interim compensation after rendering "services".

*Id.* at 245.

In *Carter,* the Chapter 11 co-trustees applied for interim compensation in three related cases. The co-trustees had cumulatively received and administered the sum of $5,753,064.66 and had disbursed a total of $244,189.30. Compensation calculated to the statutory limits within § 326 was $60,060.39 and $5,081.59, respectively. The co-trustees sought fees in the amount of $58,000.00. *Id.* at 244–45.

Judge Pagter held that § 326 did not prevent the allowance and payment of reasonable interim compensation to the co-trustees even though only minimal disbursements had been made. The court allowed the sum of $29,460.00 as interim compensation without explanation as to why the award was for less than the amount requested. *Id.* at 246.

Judge Pagter reasoned that if Congress intended to limit a trustee to interim compensation based on disbursements, it would have said so in § 331, being fully aware of

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title....

**5.** 11 U.S.C. § 331 provides:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

**6.** H.R.Rep. No. 595 at 330; S.Rep. No. 989 at 42, U.S.Code Cong. & Admin.News 1978, pp. 5828, 6286. *Reprinted in* 4 Norton Bankr.L. & Prac. § 331 at 165.

**7.** *See, In re Evangeline Refining Co.,* 890 F.2d 1312, 1321 (5th Cir.1989); *In re Knudsen Corp.,* 84 B.R. 668, 672 (9th Cir.BAP 1988); *In re Mansfield Tire & Rubber Co.,* 19 B.R. 125, 127 (Bankr. N.D.Ohio 1981); 2 Collier on Bankruptcy ¶ 331.02 at 331–6 to 331–9 & n. 5 (15th ed. 1991).

the § 326 limitation. *Id.* at 245. Thus, by declining to condition the allowance of interim compensation to a trustee on actual disbursements, Judge Pagter concluded that Congress did not intend such a limitation. He further reasoned that to condition a trustee's interim compensation on actual disbursements would render § 331 meaningless for a trustee because disbursement generally occurs at the end of the case. *Id.* Accordingly, it would be unfair to cause a trustee to wait possibly years for compensation, while all other professionals are paid on an interim basis. *Id.* at 246.

The court in *In re Prairie Cent. Ry. Co.,* 87 B.R. 952, 957 (Bankr.N.D.Ill.1988), permitted interim compensation to the trustee based upon receipts by relying on the holding in the *Carter* case.

In a more recent case, *In re Riker Industries, Inc.,* 122 B.R. 964, 975 (Bankr. N.D.Ohio, 1990), the court, without any discussion, allowed the trustee interim compensation, but limited it to the statutory percentages based on disbursements.

This is a statutory construction issue. To begin the task, I must start "with the language of the statute itself." *United States v. Ron Pair Enterprises,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Where the statutory language is "plain, 'the sole function of the courts is to enforce it according to its terms.'" *Id.* Where the intent of Congress is adequately expressed within the plain meaning of the statutory provision, no reference to legislative history or pre-Code practice is necessary. *Id.* The plain meaning of legislation should be conclusive except where the result would be demonstrably at odds with the intent of Congress. *Id.* at 242, 109 S.Ct. at 1031. In a number of subsequent

bankruptcy cases, the Supreme Court has reinforced this approach when interpreting statutory provisions within the Code.[8]

Applying the above approach, § 331 allows interim fees for trustees. It refers the court to § 330 for the determination of those fees.[9] Section 330 says that the court may award reasonable compensation to trustees subject to § 326.[10] Section 326 sets the maximum reasonable compensation to trustees based upon disbursements. It does not allow an award based upon receipts. I need not go further with the analysis because the meaning and interrelationship between these statutory provisions are clear.

Furthermore, I find nothing in the Code or pre-Code practice demonstrably at odds with this result. Rather, I view § 326 as Congress' way of restricting compensation to a trustee. A trustee occupies a unique position in bankruptcy. Generally, a trustee is responsible for assembling, liquidating and distributing the assets of an estate. In doing this, the trustee is a fiduciary for the estate. Congress decided to set statutory maxima on fees payable from an estate to a trustee and base the calculation of the statutory maxima on disbursements, not receipts. Appropriately, Congress was concerned about how much a trustee could take from an estate and when the trustee was to be paid. The interests of creditors are best served by having a trustee distribute funds of the estate as soon as reasonably possible. By basing compensation to a trustee on disbursements, Congress has built into the Code the incentive for a trustee to administer a case expeditiously. Applying the restrictions of § 326 to both interim and final fee requests of trustees is

---

**8.** *See, e.g., Toibb v. Radloff,* 501 U.S. ——, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991); *Union Bank v. Wolas,* 502 U.S. ——, ——, 112 S.Ct. 527, 531, 116 L.Ed.2d 514, 522 (1991); *Patterson v. Shumate,* 504 U.S. ——, ——, 112 S.Ct. 2242, 2246, 119 L.Ed.2d 519, 527 (1992).

**9.** Prior to the Code, no statutory provision allowed interim compensation for attorneys or trustees. Interim allowances evolved by judicially created law. The courts attempted to alleviate the economic hardship for attorneys having to wait for compensation over extended periods of time during reorganization cases. 2 Collier on Bankruptcy § 331 at ¶ 331.01. Section 331 was intended to incorporate that pre-Code practice. *Id.* at ¶ 331.02.

**10.** Section 330 sets forth the general standards for awarding compensation, including interim compensation allowable under § 331. *Id.* at ¶ 331.03. "By reason of section 330, interim compensation allowable under section 331, is subject to the maxima set out in section 326, limitation on trustee's compensation...." *Id.* at n. 1.

consistent with the expressed goals of the Code and bankruptcy practice as it existed before the Code.

Based upon the disbursements here, I hereby approve the maximum interim fee for Trustee of $919.87.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. This memorandum opinion shall constitute my findings of fact and conclusions of law.