**In re J. Wayne STEWART and Jean M. Stewart, Debtors.**

**Richard A. Marshack, Chapter 11 Trustee, Appellant.**

**BAP No. CC–92–2038–MeRiP.**

**Bankruptcy No. SA 91–30408–JR.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 16, 1993.

Decided Sept. 3, 1993.

James J. Joseph, Los Angeles, CA, for Richard A. Marshack.

Before: MEYERS, RIEGLE[1] and PERRIS, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

The bankruptcy court held that actual disbursement of receipts is a prerequisite to allowance and payment of interim fees to a Chapter 11 trustee.

We **REVERSE** and **REMAND.**

---

1. Honorable Linda Riegle, Chief Bankruptcy Judge from the District of Nevada, sitting by designation.

## II

### FACTS

On January 16, 1991, J. Wayne and Jean M. Stewart ("Debtors") filed a voluntary petition under Chapter 11 of the Bankruptcy Code ("Code").

On December 18, 1991, the bankruptcy court ordered the appointment of a Chapter 11 trustee. The Office of the United States Trustee ("U.S. Trustee") appointed Richard Marshack ("Appellant"). The bankruptcy court approved the application for appointment of trustee on January 2, 1992.

On March 9, 1992, the Appellant filed an application seeking interim compensation in the amount of $38,635.50. The Appellant's summary of receipts and disbursements in the application shows receipts of $1,347,-812.38 and disbursements of $24,662.27.

The U.S. Trustee objected to the fee request because it was based on the funds collected instead of the monies disbursed. At a continued hearing on the Appellant's request for compensation, the U.S. Trustee asserted that in exceptional circumstances a trustee could receive interim fees based on the amount collected rather than on the amount disbursed. The court invited the Appellant to establish that the $1,347,-812.38 eventually would be disbursed. The Appellant showed that almost $8.5 million of unsecured priority and unsecured general claims had been filed in the case, and that it was therefore virtually certain that the entire sum collected would be disbursed. The court took the application for compensation under submission.

The trial court issued an opinion, *In re Stewart*, 145 B.R. 57 (C.Cal.1992), holding that trustees could not receive interim compensation greater than the maximum amount they were entitled to under Code Section 326, which limits compensation to trustees to a percentage formula of the funds actually disbursed. The court awarded the Appellant $919.87, which is the maximum sum allowed as a percentage of the disbursements of $24,662.27 under Section 326. The Appellant filed a notice of appeal.

## III

### STANDARD OF REVIEW

Generally, compensation awards to professionals in bankruptcy cases are reviewed for an abuse of discretion or erroneous application of the law. *In re Financial Corp. of America*, 114 B.R. 221, 223 (9th Cir. BAP 1990), *aff'd*, 946 F.2d 689 (9th Cir.1991); *In re Knudsen Corp.*, 84 B.R. 668, 670 (9th Cir. BAP 1988). The case at bar, however, presents a question of statutory construction which we review *de novo*. *In re Financial Corp. of America, supra*, 114 B.R. at 223; *In re Knudsen Corp., supra*, 84 B.R. at 670.

## IV

### DISCUSSION

A.  *Whether the Appeal Should Be Dismissed as Interlocutory*

The Panel has jurisdiction to hear appeals from final orders, while leave of the Panel is required for appeals from interlocutory orders. 28 U.S.C. § 158(a); *In re Xebec*, 147 B.R. 518, 522 (9th Cir. BAP 1992).

It is well established that an order authorizing the interim award of fees is an interlocutory order. *In re Intern. Environmental Dynamics, Inc.*, 718 F.2d 322, 325 (9th Cir.1983) (Act case); *In re Xebec, supra*, 147 B.R. at 522; *In re Global Marine, Inc.*, 108 B.R. 1007, 1008 (S.D.Tex.1988). This is because interim awards are always subject to the court's reexamination and adjustment during the course of the case. *Matter of Evangeline Refining Co.*, 890 F.2d 1312, 1321 (5th Cir. 1989); *In re Global Marine, Inc., supra*, 108 B.R. at 1008; *In re Stoecker*, 125 B.R. 767, 772 (N.D.Ill.1991).

Interlocutory orders are not appealable as of right; the debtor must first file a formal motion for leave to appeal. *See* Fed.R.Bankr.P. 8003(a). Nevertheless, the Panel may consider the notice of appeal as a motion for leave to appeal. Fed.

R.Bankr.P. 8003(c); *In re Xebec, supra,* 147 B.R. at 522.

The circumstances in this case warrant granting leave to appeal. There are now two published opinions from the Bankruptcy Court of the Central District of California which take opposing positions regarding the issue on appeal. The only way the Bankruptcy Appellate Panel or district court may settle the issue is to grant leave to appeal, since this issue always will arise on appeal in an interlocutory posture. Leave to appeal is hereby granted.

### B. *The Merits*

The bankruptcy court ruled that as a matter of law, that the Code limits the payment of interim compensation to trustees to a percentage of the amount disbursed at the time the application is made. The court's decision was based on its analysis of the relevant statutes regarding compensation of trustees. *In re Stewart, supra,* 145 B.R. at 60. First, the court recognized that Section 331 allows interim fees for trustees.[2] This section refers to Section 330 for the determination of those fees. Section 330 states that the court may award reasonable compensation to trustees subject to Section 326.[3] Section 326 sets the maximum reasonable compensation to trustees based upon disbursements.[4] The

trial court ruled that Section 326 does not allow an award based upon receipts. *In re Stewart, supra,* 145 B.R. at 60.

The trial court viewed Section 326 as Congress' way of restricting compensation to a trustee based on disbursements made. *Id.* This statutory scheme was appropriate, the court found, since creditors' interests are best served by having a trustee distribute funds of the estate as soon as reasonably possible. *Id.* By basing compensation to a trustee on disbursements, Congress built into the Code the incentive for a trustee to administer a case expeditiously. *Id.* The court concluded that applying the restrictions of Section 326 to both interim and final fee requests of trustees is consistent with the expressed goals of the Code and bankruptcy practice as it existed before the Code. 145 B.R. at 60–61.

The trial court's discussion of the statutory mandate to limit total trustee compensation to a percentage of the amounts disbursed is well reasoned. However, there is no statutory authority to justify the court's conclusion that interim compensation also must be limited to the amount disbursed *at the time the application is made.* The court's policy rationale, that trustees should be encouraged to disburse funds

2. Code Section 331 states:
   "A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement."

3. Code Section 330 provides in relevant part:
   "(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—
   (1) reasonable compensation for actual, necessary services rendered by such trustee,

examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and
   (2) reimbursement for actual, necessary expenses."

4. Code Section 326 states in relevant part:
   "(a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, and three percent on any amount in excess of $3,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims."

quickly, is a good one, but is insufficient justification on which to base a ruling as a matter of law.

■ The Panel agrees with the reasoning in *In re Tom Carter Enterprises,* 49 B.R. 243 (C.Cal.1985), which is the only other case discussing this issue and which contradicts the ruling in the instant case.[5] The court in *Tom Carter Enterprises* began by observing that the "services" referred to in Section 331 for which the trustee is entitled to be compensated on an interim basis must include more than mere disbursement, since disbursement of funds is usually the last and perhaps one of the more routine services performed by a trustee. 49 B.R. at 245.

The court further stated that if Congress had intended that the trustee could receive compensation only after disbursement, Congress would have said so in Section 331, for it was aware of the concept of disbursement as evidenced by its use of the term in Section 326. *Id.* The court reasoned that because it cannot be assumed that Congress passed meaningless legislation in enacting Section 331, the section must be construed to have meaning. *Id.*

The court found nothing in the language of Section 326 or in the relevant legislative history to suggest that application of the formula to determine maximum compensation according to monies disbursed is tied to the question of when compensation may be paid. *Id.* Quite to the contrary, the court stated, Section 326 provides that the trustee may be paid after rendition of "services," which is consistent with Section 331 authorizing interim compensation. *Id.* If Congress had intended that the trustee could be awarded interim fees only after disbursement, Congress would have so stated. *Id.*

Finally, the court looked at the legislative history relating to Section 331, which provides in part: "The only effect of this section is to remove any doubt that officers of the estate may apply for, and the court may approve, compensation and reimbursement during the case, instead of being required to wait until the end of the case, which in some instances, may be years." H.R.Rep. No. 595, 95th Cong., 1st Sess. 330 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 41–42 (1978) U.S.Code Cong. & Admin.News pp. 5787, 5827, 5828, 6287; *In re Tom Carter Enterprises, supra,* 49 B.R. at 245. If trustees were given interim payments subject to the amount of funds disbursed, the court reasoned that the expressed intent and purposes of Section 331 of the Code would be followed and served with respect to all professionals in a case except the trustee. With respect to the trustee, the intent and purpose of the statute would be subverted, for the trustee could be required to wait "years" for compensation, while all other professionals were paid on an interim basis. This result, the court determined, was exactly the result that Section 331 was enacted to avoid. 49 B.R. at 245–46.

Applying *Tom Carter Enterprises,* courts should be permitted to award trustees interim fees which are not limited to a percentage of disbursements already made. First, Section 331, which authorizes interim compensation, speaks of "services" rather than "disbursements." Second, professionals should not have to finance a reorganization by waiting years for approval of their fees.

■ By this Opinion, the Panel by no means seeks to mandate payment of interim fees based on the monies a trustee has collected at the time the application for compensation is filed. The Opinion signifies only that in awarding interim compensation to trustees, bankruptcy courts are not compelled to limit interim awards to a percentage of the amount of monies the trustee has disbursed at that time. Bankruptcy courts have the discretion to deny interim compensation on a variety of grounds. For instance, a court may deny compensation based on the likelihood that only a small amount of money ultimately

---

5. The court in *In re Prairie Cent. Ry. Co.,* 87 B.R. 952, 957 (N.D.Ill.1988), stated that interim compensation did not depend upon the amount the trustee had disbursed. It cited *Tom Carter Enterprises* without further discussion.

will be disbursed to nondebtor parties in interest, or that the trustee may be unable to disgorge any excess funds when final fees are awarded. The court also may withhold compensation in order to encourage the trustee to disburse funds quickly. The Panel's decision means only that the amount of money a trustee has disbursed at the time he or she files the interim compensation request need not restrict a bankruptcy court in awarding interim fees.

## V

### CONCLUSION

The order limiting the Appellant's interim compensation to a percentage of the monies already disbursed is **REVERSED** and **REMANDED** for the court's discretionary evaluation of the amount of interim compensation it believes appropriate.