**In re Thomas Henry HEATHERLY, Debtor.**

**Bankruptcy No. 85–25365–B (coc).**

United States Bankruptcy Court, W.D. Tennessee.

March 28, 1995.

---

Richard T. Doughtie, III, Chapter 7 Trustee, Memphis, TN.

Madalyn C. Scott, Memphis, TN, for U.S. Trustee.

## ORDER ON TRUSTEE'S APPLICATION FOR INTERIM COMPENSATION

WILLIAM H. BROWN, Bankruptcy Judge.

The Chapter 7 trustee has filed an application for interim compensation as trustee, which application asserted that the trustee had collected in excess of $249,000 in this estate, that the trustee has been paid no compensation for his services as trustee, that pursuant to 11 U.S.C. § 326 the trustee's statutory compensation would exceed $7,600 based upon the collections to date, and that the trustee requested interim compensation in the amount of $6,000. This application was noticed to creditors and interested parties, including the United States Trustee. The United States Trustee filed an objection, supported by a memorandum, to the application.

It is the United States Trustee's position that the application must be denied based upon a literal reading of 11 U.S.C. § 326(a), which governs the allowance of compensation to trustees. The United States Trustee points to the specific language of the statute providing that "reasonable compensation under § 330 of this title" may be allowed to the trustee "for the trustee's services, payable after the trustee renders such services, [with fixed statutory percentages based upon monetary amounts], upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims." 11 U.S.C. § 326(a). The Chapter 7 trustee has stated in this case that he is requesting interim compensation based upon amounts collected and that no amounts have been disbursed to creditors.[1] Section 326(a) must be read in conjunction with § 331 of the Code that provides for interim compensation. Read literally, § 331 restricts a trustee's interim compensation to the provisions of § 330, which concerns compensation of all officers of the estate. Section 330(a)(1) provides that the allowance of compensation to a trustee is "subject to section 326." Reading

---

1. There is no criticism by the United States Trustee or by the Court in the delay in disbursement in this case, as the trustee stated in open court that substantial funds had only recently been collected as a result of the trustee's work and that significant administrative matters remained to be done before a distribution could be made.

these Code sections together leads the United States Trustee to the conclusion that a Chapter 7 or Chapter 11 case trustee may not be allowed interim compensation merely based upon funds collected in the estate; rather, according to this interpretation of the Code, interim compensation to the trustee must be limited to the statutory percentages allowable on the amounts of moneys disbursed or turned over in the case by the trustee to other parties in interest.

The United States Trustee in its memorandum makes a strong policy argument that the Court should not deviate from a strict reading of the statute, as allowing interim compensation in violation of the statute provides a disincentive to Chapter 7 trustees bringing their cases to conclusion. That policy argument is plausible from a general viewpoint but in this specific case, as observed in footnote 1, the Court is not concerned with this Chapter 7 trustee failing to perform his duties in a proper or timely fashion.

The Court is aware of decisions from both the United States Supreme Court and the Court of Appeals for the Sixth Circuit stating that a bankruptcy court should read and apply plain statutory language according to its terms and that the bankruptcy court's equitable and discretionary powers are limited when there is unambiguous statutory language to guide the court. *See, e.g., U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989); *Childress v. Middleton Arms, L.P. (In re Middleton Arms, Ltd. Partnership),* 934 F.2d 723, 725 (6th Cir.1991); *Michel v. Eagle–Picher Industries, Inc. (In re Eagle–Picher Industries, Inc.),* 999 F.2d 969, 972 (6th Cir.1993).

In contrast to the United States Trustee's position, some courts have allowed interim compensation to a trustee without restricting that compensation to the amount of money the trustee has disbursed at that time. *See, e.g., In re Stewart,* 157 B.R. 893, 897–98 (9th Cir. BAP 1993). The *Stewart* Court concluded after its analysis of §§ 326, 330 and 331 that the Bankruptcy Code allowed a trustee to be paid interim compensation after rendition of "services," rather than restricting the trustee's compensation to a time period after

disbursement of funds. This Court is persuaded after its analysis of the *Stewart* opinion that the Ninth Circuit Bankruptcy Appellate Panel is correct.

Section 326 is not as plain in its meaning as the United States Trustee suggests. Section 326(a) is filled with commas but clearly provides for the allowance of "reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, . . ." That introductory part of the statute is then followed by an explanation of the percentage caps placed upon the trustee's compensation, meaning of course that a court in its discretion may allow "reasonable compensation" less than the percentage caps but "not to exceed" those caps. The percentage cap explanation is then followed by a comma and the conclusion of that subsection of the statute: "upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims." 11 U.S.C. § 326(a). This Court reads that conclusion of the statute to be a modifier to the percentage cap explanation. The calculation of the percentage cap is based upon a total of "all moneys disbursed or turned over in the case by the trustee." *Id.* The Court does not read that conclusory modifier of the statute as being a limit on when a trustee may be compensated on an interim basis.

The Court is also persuaded by the Ninth Circuit Bankruptcy Appellate Panel's reasoning that § 331 authorizes interim compensation for officers including the trustee and that it would negate the purpose of § 331 to deprive the trustee of interim compensation until the trustee had made disbursements. *In re Stewart,* 157 B.R. at 897. Of course, a trustee might make an interim distribution to creditors thereby providing a basis for interim compensation calculated upon that interim disbursement. However, this Court agrees that in the typical Chapter 7 asset case, the trustee should be treated no differently than other professionals in the case who are allowed interim compensation under § 331. It is manifestly unfair to require a trustee to "wait 'years' for compensation, while all other professionals were paid

on an interim basis." *Id.* at 897. This conclusion is not placement of equity over the Code; rather the Court's reading of the Code's provision is consistent with the equitable result.

As the Ninth Circuit Bankruptcy Appellate Panel stated, this Court also does not mean to indicate by this order that in all instances a Chapter 7 or Chapter 11 trustee will be entitled to interim compensation. *Id.* Rather, the totality of circumstances in a given case will determine whether a court should exercise its discretion in allowing interim compensation where a disbursement by the trustee has not occurred. The Court does wish to encourage the policy espoused by the United States Trustee that case trustees should move expeditiously to disburse to creditors. However, there are adequate safeguards, including the United States Trustee's commentary on applications for compensation, to protect against interim compensation abuse by trustees. The ultimate safeguard is that the Court will examine each such application in each case on its own merits.

In this particular case, at the hearing on the trustee's application, the trustee sought interim compensation of $6,000 and asserted in the written application that under § 326 the trustee's compensation would exceed $7,600 "based upon the monies collected to date." Trustee's Application. The amount collected to date is not an appropriate guide for determining the maximum amount for the trustee's compensation; rather, the amount disbursed establishes the basis for the maximum allowance. Thus, in conjunction with the Court's need to know the amount of disbursements that are anticipated and when disbursements may be expected in this case, the Court will reset the trustee's application for Thursday, April 6, 1995, at 10:00 a.m., Courtroom 680, 200 Jefferson Avenue, Memphis, Tennessee, in order to give the trustee, the United States Trustee and other parties in interest an opportunity to present proof and/or to discuss with the Court their views of how much interim compensation may be allowed to the trustee at this time based upon the services rendered to date by the trustee. For the benefit of the parties in this case, the Court would observe that it is inclined to impose a limit on interim compensation that is well below the maximum amount the trustee ultimately may expect in the case in order to continue to provide an incentive to trustees to disburse and close cases as quickly as possible and in order to prevent the likelihood of disgourgement of any excessive interim compensation.

**IT IS THEREFORE ORDERED** that the United States Trustee's objection to the allowance of interim compensation to the Chapter 7 trustee is overruled, the Court having concluded that the Chapter 7 trustee is entitled to allowance of reasonable compensation for services rendered and that such compensation, as may be limited by the Court within its discretion and under all of the circumstances of this case, may be allowed and paid from the estate prior to disbursements by the trustee, provided that there are proper restrictions so as to protect the estate from excessive interim compensation to the trustee and so as to negate the likelihood of disgourgement after disbursements have been made. At the resetting on the trustee's application, the Court will expect a specific report from the trustee as to the amount of moneys on hand, an estimate of the amount of funds still in dispute and/or anticipated to be collected, the projected priority and secured claims against the funds on hand, and the projected disbursement amounts and dates thereof to all classes of creditors.

The case trustee is required to notice the April 6, 1995, hearing to the debtor, debtor's attorney, all creditors who have filed claims, and any other parties in interest who have requested notice. The cost of such noticing is an administrative expense of this estate.

**SO ORDERED.**