**In re NEW LIFE FELLOWSHIP, INC., Debtor.**

**Bankruptcy No. 95–14678–BH.**

United States Bankruptcy Court, W.D. Oklahoma.

July 26, 1996.

Michael Paul Kirschner, Lee & Kirschner, Oklahoma City, Oklahoma, for trustee.

Jackie L. Hill, Jr., Oklahoma City, Oklahoma, for American Church Trust Company.

John R. Hughey, Oklahoma City, Oklahoma, for Unsecured Creditors Committee.

Gretchen Harris, Oklahoma City, Oklahoma, for Oklahoma Securities Commission.

## MEMORANDUM OF DECISION AND ORDER ALLOWING THE TRUSTEE'S REQUEST FOR INTERIM COMPENSATION

RICHARD L. BOHANON, Bankruptcy Judge.

The issue involved in this contested matter is whether or not the trustee is entitled to an award of interim compensation. The United States Trustee opposes the request and contends the award can only be made after funds have actually been disbursed to parties in interest. I conclude that the trustee is entitled to an order allowing his interim compensation now.

This is an involuntary chapter 11 case which was commenced almost one year ago. The trustee was appointed in August, 1995 and this is his first request for any allowance. The assets of the estate included a grandiose church building, four radio stations and various items of personal property. The secured debt is approximately $9,000,000 and unsecured claims are about $2,000,000. The trustee has leased the church facility, sold two of the radio stations, contracted for the sale of a third, and is negotiating for the sale of the remaining assets. He testified that in his judgment the interests of the creditors are best served by waiting to file a plan and disclosure statement until he has completed ongoing negotiations. The primary secured creditor and the unsecured creditors' committee agree with the trustee and support his request for an interim allowance.

To date the trustee has paid out to post-petition creditors some $690,000 and has on hand, for distribution in due course, about $1,300,000. His request for an interim allowance is calculated by applying the maximum award allowable under 11 U.S.C. § 326(a) to the amounts paid out and presently on hand.[1]

---

**1.** The trustee also seeks reimbursement of his expenses and this request is uncontested.

The issue turns upon an interpretation of three provisions of the Bankruptcy Code. Section 331 provides for interim compensation and says, in pertinent part, "[a] trustee ... may apply to the court not more than once every 120 days after an order for relief ... for such compensation for services rendered ... as is provided under section 330 of this title." Section 330 makes allowance for reasonable awards to trustees subject to section 326 which says their maximum compensation is based on a formula computed upon "... all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims."

The United States Trustee argues this latter provision means trustees may not be compensated until they have actually made distribution to the parties in interest. As support for this argument he cites *In re Tom Carter Enterprises*, 49 B.R. 243 (Bankr. C.D.Ca.1985); *In re Stewart*, 145 B.R. 57 (Bankr.C.D.Ca.1992) and this court's decision concerning statutory interpretation in *In re Horwitz*, 167 B.R. 237 (Bankr.W.D.Okla. 1994).

*Carter* permits a chapter 11 trustee to be awarded interim compensation based upon amounts collected or administered but not actually disbursed. It points out that section 331 specifically provides for interim allowances to compensate a trustee for services and section 326 merely provides a cap on the total amount the trustee may be awarded. *Carter*, obviously, is not authority for the position urged by the United States Trustee.

He then argues that in a later case, *Stewart*, the bankruptcy court declined to follow *Carter* and held that interim allowances can be calculated only upon amounts actually paid out. What he overlooks, however, is that the Ninth Circuit Bankruptcy Appellate Panel in a well-reasoned decision delivered by Judge Meyers reversed the bankruptcy court's ruling in *Stewart*. *In re Stewart*, 157 B.R. 893 (9th Cir. BAP 1993). The Appellate Panel follows the reasoning of *Carter* and specifically rejects the notion that a trustee's interim allowance may be calculated only on amounts actually paid out.[2]

The United States Trustee also relies upon this court's statement in *Horwitz* that "when a provision has a plain meaning judges are to apply it and not otherwise explicate the Code." 167 B.R. at 239. He stops with that quotation, however, and does not read the next sentence which says that "statutes are to be applied in keeping with their ordinary language, unless to do that would lead to some result which is clearly at odds with an expressed congressional purpose." *Id.* Here section 331 says unequivocally that trustees are entitled to interim allowances. To now forbid such allowances in cases where moneys have not actually been disbursed would clearly be at odds with Congress' clear statement. All section 326 does is place a maximum amount on a trustee's total allowances in a case. This is the only meaning that makes sense when it is read in conjunction with section 331.

The United States Trustee argues next that section 1106(a)(1) of the Code applies section 704(1) to chapter 11 cases and requires they must be closed "as soon as possible", and limiting interim allowances furthers this goal. There is, however, a fundamental fault with this argument for section 1106(a) specifically does *not* apply section 704(1) to chapter 11 cases.[3]

In any event, the applicable subsection of section 1106(a) is in numbered paragraph (5) which says that the trustee must "*as soon as practicable* file a plan." (Emphasis supplied). Here the only proof is that it is in the best interests of the estate to take a reasonable amount of time, considering the particularities and difficulties of the case at hand, to achieve the best result for the creditors; and

---

2. *See also, In re Heatherly*, 179 B.R. 872 (Bankr. W.D.Tenn.1995) which follows the Appellate Panel's decision in *Stewart*.

3. Even if section 704(1) did apply to chapter 11 trustees the United States Trustee has failed to read it for it provides that the trustee has the duty to "collect and reduce to money the proper-

ty of the estate for which such trustee serves, and close such estate *as expeditiously as is compatible with the best interests of the parties in interest.*" There is a world of difference in closing the estate "as soon as possible" and the actual language of the statute.

that the trustee is moving toward filing a plan as soon as practicable. This is especially evident when the real parties in interest, the creditors, agree with the trustee's reorganization goals and support his request.

The United States Trustee then argues that chapter 11 trustees could make distributions to pre-petition creditors before a plan has been confirmed and, therefore, be entitled to interim allowances. He does not, however, explain how this could be done in keeping with the requirements of the Bankruptcy Code.[4] And, as the case trustee points out, premature distributions could easily submit him to potential liability if it should turn out that creditors were not entitled to their distributions.

The United States Trustee's desire to encourage speedy case closings, for whatever reason, is not worth subverting the goals of the Bankruptcy Code. The trustee's statutory and fiduciary duty is to maximize returns to creditors by following the requirements of the Code. That goal is not served by denying trustees what they are entitled to in the way of interim allowances in order to force them, at their peril, to make premature distributions to creditors. If this were the rule trustees would be required to either disregard their fiduciary duties or to personally finance administration of their cases.

The necessity for adequate and timely compensation for trustees and their professionals in order for bankruptcy to work is stated well by the Court of Appeals for this circuit in *In re King Resources Company*, 651 F.2d 1349, 1352 (10th Cir.1981) which says:

> Were it not for the fee and compensation provisions applicable to these ... proceedings for accountants, managers, lawyers, trustees, experts, and fiduciaries the system would not have functioned. Compensation is the lubricant which makes the bankruptcy machinery work when applied in the proper places in the proper amount. The expectation of compensation and the 'right' to compensation of those who per-

form valuable services based on the provisions of statute is for this group and others a substantive matter. It is also substantive in other aspects of bankruptcy. Compensation is a basic, essential, and independent part of the system.

With the ebb and flow of criticism of reorganization fees and compensation, and the demand for controls and limits, fees as such have taken on a different aspect. They became a matter, an element or subject pretty much separate and apart from the others in the mix. They have become a larger, more complex factor in the planning with the growing complexity of businesses and the need for a greater variety of skilled persons in the reorganization. The business here concerned and the 'related' activities demonstrate this very clearly. By statutory treatment and usage compensation has thus come to occupy a position as an independent element in reorganizations. *Those who in good faith provide valuable services have a right to rely on the provisions for compensation.* (Emphasis supplied.)

The goal of maximizing returns to creditors is also not well served by the United States Trustee raising issues with chimerical legal basis and no support from the real parties in interest. This only increases the costs of administering the case by requiring counsel for the trustee, the secured creditor and the unsecured creditors' committee all to appear and respond.

Here the only proof is that the trustee has performed necessary, valuable services and the compensation requested is reasonable. Accordingly, his requests for interim compensation and reimbursement of expenses are allowed.

---

4. *See e.g.* 11 U.S.C. § 1123(a) which provides, *inter alia,* a plan must designate classes of claims, provide for payment of the costs of administration, and state how the various classes are treated. The United States Trustee does not explain how these requirements can be satisfied without a plan.