**In re Michael I. MONUS, Debtor.**

**Bankruptcy No. 92–41883.**

United States Bankruptcy Court, N.D. Ohio.

June 17, 1997.

Mark Schlachet, Cleveland, OH.

Stephen K. Yoder, Amy L. Bostic, Cleveland, OH.

Dean Wyman, Cleveland, OH, U.S. Trustee.

## ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

This cause is before the Court on the application of Thomas D. Lambros, Chapter 7 Trustee ("Trustee"), and the supplement filed thereto seeking an award of interim fees pursuant to 11 U.S.C. §§ 326, 330 and 331 in the amount of $63,553.51. The formula used by the Trustee in calculating his fee has been set forth in the supplement to Trustees's first interim application filed with the Court on May 29, 1997 and is based upon the total funds collected by the Trustee through December 31, 1996 in the amount of $1,337,450.19. Of this amount, $95,090.95 was transferred to the Trustee from a debtor-in-possession account upon conversion of the case from Chapter 11 to Chapter 7. The balance of the funds in the amount of $1,242,359.24 were collected by the Trustee during the regular administration of the case. To date, the Trustee has disbursed a total of $455,897.90 from the estate.

On June 10, 1997, the United States Trustee ("UST") filed an objection to the supplement to Trustee's interim first application for fees. The UST asserts two bases for its objection. First, the UST asserts that the Trustee is entitled only to that amount of interim compensation that is "keyed to disbursements and not to receipts." Second, the UST asserts that the calculation used to determine the Trustee's maximum amount of compensation should be based upon the fee formula provided by 11 U.S.C. § 326(a) prior to the 1994 Amendments, rather than the increased fee scale adjusted by the 1994 Amendments and applicable to cases filed after October 22, 1994. (See Objection of UST, p. 1). For the reasons that follow, the Court respectfully disagrees.

Addressing the UST's first contention, the Court is aware of the existing split in authority concerning the appropriate method of computing trustee fee awards. This is especially true with regard to interim fee applications which seek to secure the maximum compensation allowed under 11 U.S.C. § 326(a). As a result, bankruptcy courts must utilize sound discretion when considering whether to approve fee awards based solely on the percentage of funds *disbursed* by a trustee or whether to also consider the total of funds received or collected. The UST contends that we should limit our consideration only to those funds disbursed.

To support its contention that interim awards of trustee fees should be limited to a percentage of the funds a trustee has disbursed, the UST refers the Court to the 1988 decision of *Kandel v. Alexander Leasing*

*Corp.,* 107 B.R. 548, 551 (N.D.Ohio 1988), *aff'd without published op.,* 889 F.2d 1087 (6th Cir.1989)). *See also In re Orange Coast Plastic Molding, Inc.,* 64 B.R. 798 (Bankr. C.D.Cal.1986). In *Kandel,* the district court affirmed an Ohio bankruptcy court's decision which disallowed that portion of the trustee's fee that incorporated monies that had passed directly from a state receiver to the debtor. The district court held that the bankruptcy court properly excluded these monies when calculating the award on the basis that the funds *never* passed through the trustee's hands.

■ Although we agree with the result in *Kandel,* we disagree with its broad application to the case presently before us. Rather, in the instant case, all funds herein have passed through the Trustee's hands and will be fully administered by the close of the case. Accordingly, the Court is inclined to consider a less restrictive interpretation of 326(a) when evaluating the Trustee's suggested calculation of fees. This approach is especially appropriate considering the extent of services provided by this Trustee and the complexity, magnitude and unique nature of this particular case. *See* 3 COLLIER ON BANKRUPT-CY ¶ 326.02[2][a]–[d], at 5–9 (Lawrence P. King, ed. 15th ed.1996) ("[a]lthough neither this section nor any other section in the Code defines the term 'services,' there can be no doubt that the term includes more than mere disbursement") (citing *In re Tom Carter Enters.,* 49 B.R. 243, 246 (Bankr.C.D.Cal.1985). *See also In re Stewart,* 157 B.R. 893 (9th Cir.BAP 1993); *In re Heatherly,* 179 B.R. 872 (Bankr.W.D.Tenn.1995); *In re Prairie Cent. Ry. Co.,* 87 B.R. 952 (Bankr.N.D.Ill. 1988).

■ The Court is of the opinion that the Trustee's fee as calculated in the supplement to Trustee's first interim application represents the proper computation of the Trustee's maximum allowable compensation. In particular, the Trustee's request for $3,032.73 in fees resulting from the administration of $95,090.95 turned over from the Chapter 11 debtor-in-possession account fairly represents the Trustee's pre-conversion, pre–1994 Amendment fee entitlement. Furthermore, the Trustee's request for $60,-

520.78 in fees based upon the $1,242,359.24 of total funds received by the Trustee post-conversion and post–1994 Amendments accurately reflects the Trustee's entitlement given asset recovery efforts thus far. The Court is further convinced that the Trustee's method of calculating the maximum allowable interim compensation supports the long-term policy underlying the enactment of the 1994 Amendments—to reward and encourage parties to assume the added responsibilities incumbent upon trustees, especially where administration of a case is likely to become an onerous task.

Our view, though perhaps not mainstream, is nonetheless consistent with that set forth in *In re Yale Mining Corp.,* 59 B.R. 302 (Bankr.W.D.Va.1986), *but see In re Monex, Inc.,* 74 B.R. 43 (Bankr.E.D.Tenn.1987). In *Yale Mining,* the bankruptcy court addressed the issue of whether the fees awarded to the preceding Chapter 11 trustee were to be taken into account when determining the fees of the subsequent Chapter 7 trustee where the case had been initially filed as a Chapter 11 *prior* to the 1984 Amendments (which also provided an increase in the § 326(a) fee rates), but was later converted to a case under Chapter 7 *after* the enactment of those Amendments. The court reasoned that the Chapter 7 trustee was entitled to fees based upon the amended rates on the theory that the "conversion of a case under one Chapter of the Bankruptcy Code to a case under another Chapter constitutes a separate Order for Relief under the new Chapter." *Id.* at 306. This is especially true in converted cases since the conversion itself serves to terminate the services of any prior trustee. 11 U.S.C. § 348(e). *See also* 3 COLLIER ON BANKRUPTCY, *supra,* ¶ 326.03[1][a]–[b], at 18–23.

■ Upon review of 11 U.S.C. § 1112 governing conversion or dismissal of Chapter 11 cases, and given our understanding of the rationale supporting the enactment of related sections of the Code (e.g. §§ 326, 327, 330, 331, 348, 503 and 507), we are further convinced that our decision today is consistent with the overriding policies intended by Congress, despite the UST's objection on the grounds that the 1994 Amendments fail to

544

provide specific language in support of our conclusion. A trustee's duties in administering a case under Chapter 11 are both conceptually and functionally different than the duties associated with administering a case under Chapter 7. *In re Financial Corp. of Am.*, 946 F.2d 689, 690 (9th Cir.1991). As a review of both the 1984 and 1994 Amendments reveals, Congress has consistently made appropriate increases to the fee percentages available to case trustees, in part to accommodate inflation and, in part to encourage the overall participation of parties as trustees. This Court endorses the rationale behind these measures and will not debate their application, especially where there is evidence from the case that the tasks performed by the Trustee required a substantial commitment of time, effort and sacrifice of financial resources. Such is the case presently before us.

The Court finds that the complexity of this Chapter 7 case coupled with the significant amount of time thus far involved in administering this estate warrants some award of interim compensation. For these reasons, the Court, consistent with our established fee award policy, hereby awards the Trustee the sum of $47,665.13 as partial interim compensation pursuant to 11 U.S.C. §§ 326, 330 and 331. This amount represents 75% of the Trustee's total requested award of $63,553.51. The balance of the Trustee's request in the amount of $15,888.38 shall be reserved for consideration upon the Trustee's final fee application in this matter.

**IT IS SO ORDERED.**